Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
06/26/2024
CT Log Number 546748845

## Service of Process Transmittal Summary

**TO:** Non Employee Litigation Target, Cathy Schuda
Target Corporation
1000 NICOLLET MALL, MS: TPS-3155
MINNEAPOLIS, MN 55403-2542

**RE:** **Process Served in Colorado**

**FOR:** Target Corporation (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:** Re: Carolin Blair // To: Target Corporation

**CASE #:** None Specified

**NATURE OF ACTION:** Personal Injury - Failure to Maintain Premises in a Safe Condition

**PROCESS SERVED ON:** C T Corporation System, Centennial, CO

**DATE/METHOD OF SERVICE:** By Process Server on 06/26/2024 at 12:45

**JURISDICTION SERVED:** Colorado

**ACTION ITEMS:** CT has retained the current log, Retain Date: 06/27/2024, Expected Purge Date: 07/02/2024

Image SOP

Email Notification, Non Employee Litigation Target, Cathy Schuda gl.legal@target.com

**REGISTERED AGENT CONTACT:** C T Corporation System
7700 E Arapahoe Road, Suite 220
Centennial, CO 80112
877-564-7529
MajorAccountTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



**EXHIBIT A**

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Wed, Jun 26, 2024
**Server Name:** Drop Service

| | |
|---|---|
| Entity Served | TARGET CORPORATION |
| Case Number | NONE |
| Jurisdiction | CO |

| Inserts | | |
|---|---|---|
| | | |

**EXHIBIT A**

<table>
<tr><td>DISTRICT COURT, ARAPAHOE COUNTY, STATE OF COLORADO<br>7325 S. Potomac Street<br>Centennial, CO 80112</td><td rowspan="2">COURT USE ONLY</td></tr>
<tr><td>Plaintiff: Carolin Blair<br><br>v.<br><br>Defendants: Target Corporation, a foreign corporation authorized to do business in the State of Colorado</td></tr>
<tr><td>Attorneys for Plaintiff:<br>Nicole C. Daniels, #38180<br>DANIELS & SCRIVEN, P.C.<br>11001 W. 120th Avenue, Suite 400<br>Broomfield, CO 80021<br>Phone: (720) 863-6006<br>Fax: (720) 863-6123<br>Mobile: (720) 779-4559<br>Email: nicole@danielsscrivenlaw.com</td><td>Case Number:<br><br><br>Division:</td></tr>
<tr><td colspan="2">SUMMONS</td></tr>
</table>

6/26/24 1208P

**To the Defendant: Target Corporation, via registered agent, C T Corporation System, 7700 E. Arapahoe Rd., Ste 220, Centennial, CO 80112.**

You are summoned and required to file with the Clerk of this court an Answer or other response to the attached Complaint within twenty (21) days after this Summons is served on you in the State of Colorado, or within thirty (35) days after this Summons is served on you outside the State of Colorado. If you fail to file your Answer or other response to the Complaint in writing within the applicable time period, judgment by default may be entered against you by the court for the relief demanded in the Complaint, without further notice to you.

The following documents are also served with this Summons: Complaint and Civil Case Cover Sheet.

Respectfully submitted this 25th day of June, 2024.

**DANIELS & SCRIVEN, P.C.**

Original signature on file at Daniels & Scriven, P.C.
/s/ pursuant to C.R.C.P. 121, § 1-26(9)
Nicole C. Daniels, Esq., #38180
Attorneys for Plaintiff

**EXHIBIT A**

<table>
<tr><td>DISTRICT COURT, ARAPAHOE COUNTY, STATE OF COLORADO<br>7325 S. Potomac Street<br>Centennial, CO 80112</td><td rowspan="2">▲COURT USE ONLY ▲</td></tr>
<tr><td>Plaintiff: Carolin Blair<br><br>v.<br><br>Defendants: Target Corporation, a foreign corporation authorized to do business in the State of Colorado</td></tr>
<tr><td>Attorneys for Plaintiff:<br>Nicole C. Daniels, #38180<br>DANIELS & SCRIVEN, P.C.<br>11001 W. 120th Avenue, Suite 400<br>Broomfield, CO 80021<br>Phone: (720) 863-6006<br>Fax: (720) 863-6123<br>Mobile: (720) 779-4559<br>Email: nicole@danielsscrivenlaw.com</td><td>Case Number:<br><br>Division:</td></tr>
<tr><td colspan="2">COMPLAINT</td></tr>
</table>

Comes now the Plaintiff, Carolin Blair, by and through her attorneys, the law firm of **DANIELS & SCRIVEN, P.C.**, and for her Complaint states and avers as follows:

## IDENTIFICATION OF THE PARTIES

1. Carolin Blair, the Plaintiff, resides at 7529 S. Quatar Way, Aurora, CO 80016.

2. Defendant, Target Corporation, LLC, a foreign corporation authorized to do business in the State of Colorado, is doing business in the County of Arapahoe, State of Colorado with a street address of 7400 S. Gartrell Rd., Aurora, CO 80016. The Defendant has a principal street address of 1000 Nicollet Mall, Minneapolis, MN 55403 and retains a registered agent, CT Corporation System at 7700 E. Arapahoe Rd., Centennial, CO 80112.

## VENUE AND JURISDICTION

3. Venue is proper pursuant to C.R.C.P. Rule 98.

4. At all times material hereto, the Defendant was conducting business in the County of Arapahoe, State of Colorado at the time of the incident, which occurred in the County of Arapahoe, State of Colorado.

## GENERAL ALLEGATIONS

5. The incident giving rise to this action occurred at or near the Target store, located at 7400 S. Gartrell Rd., Aurora, CO 80016, County of Arapahoe.

6. At all times relevant herein, the Defendant owned, operated, and was in control of the premises of the Target store, located at 7400 S. Gartrell Rd., Aurora, CO 80016, County of Arapahoe.

7. At all times relevant herein, Plaintiff acted reasonably under the circumstances and was not comparatively at fault.

8. At all times relevant herein, Plaintiff has mitigated her damages.

9. Plaintiff is the proper party to bring this claim.

10. On or about July 10, 2022 at 1:45 P.M., the Plaintiff was a business invitee at the Target store, located at 7400 S. Gartrell Rd., Aurora, CO 80016, County of Arapahoe, when she slipped on water in an aisle near some freezers, which caused her to fall and sustain serious and grievous injuries as more fully alleged.

11. As a result of the slip and fall, Plaintiff has incurred reasonable and necessary medical expenses as more fully alleged.

## PLAINTIFF'S FIRST CLAIM FOR RELIEF
## NEGLIGENCE

12. Plaintiff hereby incorporates paragraphs 1 through 11 as if fully set forth herein.

13. The Defendant was negligent by and through its agents and employees, in that it did not maintain its premises in a reasonably safe manner and failed to keep the premises free of hazardous and dangerous conditions of which they knew or should have known existed, including water leaking from a freezer. The condition of the premises caused Plaintiff to fall or otherwise be injured. Defendant was negligent in that it did not keep its premises in a reasonably safe condition for the general public and business invitees including the Plaintiff. Defendant's failure to properly clean the water from the aisle caused a hazardous and dangerous condition, which caused Plaintiff to slip and fall, resulting in serious and grievous injuries to Plaintiff.

14. As a direct and proximate result of the negligence of the Defendant, the Plaintiff has suffered injuries and damages, including but not limited to, prescriptive medications, medical services, permanent physical disfigurement, disability and impairment, past and future medical expenses, past and future lost earnings, impairment to future earning capacity, past and future pain and suffering, emotional injury and, loss of enjoyment of life.

15. Plaintiff's injuries, losses and damages are either permanent and/or continuing in nature.

**WHEREFORE,** the Plaintiff sues the Defendant for compensatory damages, including, prescriptive medications, medical services, permanent physical disfigurement, disability and impairment, past and future medical expenses, past and future lost earnings, impairment to future earning capacity, past and future pain and suffering, emotional injury and, loss of enjoyment of life and requests that this honorable Court enter judgment in her favor against the Defendant for an amount to be determined by the Trial Court, together with pre and post judgment interest as provided by law, court costs, reasonable attorney's fees as provided by the statute and for the following:

(1) A monetary award representing a reasonable amount of compensatory damages;

(2) Court costs, deposition fees, expert witness fess and all other costs permitted in accordance with the recognized laws of civil procedure;

(3) Interest from the date of the accident; and

(4) Such other and further relief as this honorable Court deems proper.

**PLAINTIFF'S SECOND CLAIM FOR RELIEF**
**PREMISE LIABILITY**

16. Plaintiff hereby incorporates paragraphs 1 through 15 as if fully set forth herein.

17. The Defendant is liable to the Plaintiff because it had an ownership interest in the property. Defendant had an obligation to the Plaintiff, a business invitee on the premises, in that, pursuant to C.R.S. 13-21-115[Sec. 3(3) (c)], an invitee may recover damages caused by a landowner's unreasonable failure to exercise reasonable care to protect against dangers of which it actually knew or should have known.

18. Plaintiff falls into the category of individuals to be protected under said statute.

19. Defendant owed a duty to the Plaintiff, a business invitee on the premises, and all other business invitees on the premises:

a. to reasonably inspect the premises against dangerous, hazardous and/or defective conditions which may be present on said premises including but not limited to water present on the floor in the aisles of the premises, or otherwise allow for a dangerous and/or hazardous condition of any kind to exist and failed to remedy and/or correct said dangerous, hazardous and/or defective conditions;

b. to maintain said premises in a reasonably safe condition;

c. to reasonably control said premises;

d. to warn the Plaintiff against any and all dangerous, hazardous and/or defective conditions which may be present in and about said premises including but not limited



EXHIBIT A

to water on the floor in the aisles of the premises, or otherwise allow for a dangerous and/or hazardous condition of any kind to exist and failed to remedy and/or correct said dangerous, hazardous and/or defective conditions;

20. Defendant, acting by and through its agents, servants and/or employees, at all times material hereto knew of and/or should have known of said dangerous, hazardous and/or defective conditions aforesaid; and further said Defendant fell below the standard of care and/or failed in their duties aforesaid owed to the Plaintiff, herein a business invitee on the subject premises, by allowing said conditions to exist for a period of time sufficient to which a reasonable inspection by Defendant would have disclosed the same.

21. Defendant, acting though its agents, servants and/or employees was negligent in its ownership, maintenance, and/or control of the subject premises and the supervision of its agents, servants and/or employees.

22. Due to the negligent selection of their agents, servants, and/or employees, as a party with an ownership interest, Defendant is liable for any inaction or negligence committed by their agents, servants and/or employees since the agents, servants and/or employees failed to properly remove water on the floors of the premises.

23. As a direct and proximate result of the Defendant, acting though its agents, servants and/or employees, the Plaintiff has suffered injuries and damages, including but not limited to, prescriptive medications, medical services, permanent physical disfigurement, disability and impairment, past and future medical expenses, past and future lost earnings, impairment to future earning capacity, past and future pain and suffering, emotional injury, and loss of enjoyment of life.

24. Plaintiff's injuries, losses and damages are either permanent and/or continuing in nature.

**WHEREFORE,** the Plaintiff sues the Defendant for compensatory damages, including, prescriptive medications, medical services, permanent physical disfigurement, disability and impairment, past and future medical expenses, past and future lost earnings, impairment to future earning capacity, past and future pain and suffering, emotional injury, loss of enjoyment of life and loss of consortium and requests that this honorable Court enter judgment in her favor against Defendant for an amount to be determined by the Trial Court, together with pre and post judgment interest as provided by law, court costs, reasonable attorney's fees as provided by the statute and for the following:

(1) A monetary award representing a reasonable amount of compensatory damages;

(2) Court costs, deposition fees, expert witness fess and all other costs permitted in accordance with the recognized laws of civil procedure;

(3) Interest from the date of the accident; and

(4) Such other and further relief as this honorable Court deems proper.

Respectfully submitted this 25th day of June, 2024.

**DANIELS & SCRIVEN, P.C.**

s/Nicole C. Daniels
Nicole C. Daniels, #38180
Attorney for Plaintiff

*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original or scanned signatures is being maintained by the filing party and will be made available for inspection by other parties or the court upon request.*

Plaintiff's Address:
7529 S. Quatar Way
Aurora, CO 80016



**EXHIBIT A**